302

## OHIO SAND & GRAVEL CO v WHITEMAN

Ohio Appeals, 2nd Dist, Franklin Co

No 2496.   Decided April 6, 1935

E. M. Tuttle, Columbus, and John H. Summers, Columbus, for plaintiff in error.
Marshall & Marshall, Columbus, for defendant in error.

## OPINION

By BARNES, J.

The contract introduced as plaintiff's Exhibit 2 does not provide any practical method of calculating the yardage. There is also a controversy as to whether or not the contract contemplates commercial gravel and sand or the gravel and sand as located in the bank and before processed.

The record indicates that the defendant washed and processed all its gravel and sand separating into different grades and that none left the premises until so processed. These facts in connection with the agreed statement on page 22 of the record that the product was not to be paid for until it left the premises would adequately support the conclusion of the trial court that the contract contemplated commercial gravel and sand. The conglomerates, mud seams, dirt and silt were not commercial, nor did these leave the premises.

The further fact that Mr. Pontius, the president of the company and signer of the contract, adopted the plan of ascertaining the yardage by weight and this being acquiesced in by the plaintiff would be evidence of a practical construction of the contract by the parties and being continued over a period of years should be binding on both parties. This would not constitute a modification or change of a written contract by parol, but merely establish yardage by weight instead of measurement. Evidently, defendants found the plan of measurement adopted the first year was not practical and of their own volition changed the plan to weight reduced to yardage. At no time thereafter did they pretend to determine yardage by measurement.

When they advised plaintiff that the weight measurement of 2700 lbs. per cubic yard was adopted and she accepted payments on this basis for a period of more than three years, she would be estopped to question the plan. Had she been advised that the basis was changed to 3300 lbs. or 4000 lbs. and accepted payments on this basis for a period of years, under similar circumstances, she would likewise be estopped. Defendants should not be permitted to make a change on the weight basis without her knowledge and consent. Long continued acquiescence will generally be considered as a consent, but under facts in the instant case no knowledge was brought home to her except on the basis of 2700 lbs. to the cubic yard. We are unable to determine that the finding of the court was contrary to law or against the manifest weight of the evidence.

It is urged very earnestly that the trial court erred in rejecting the testimony of Hon. W. F. Pealer, Secretary of the Company and the attorney collaborating in the draft of the contract of lease. Also in connection with Mr. Pealer's testimony was offered in evidence, defendant's Exhibit A, being a proposed form of contract of lease not accepted by the plaintiff nor signed by the parties. This proposed Exhibit is claimed to be corroborative of the testimony of Mr. Pealer wherein he says that plaintiff objected to compensation by weight and insisted on compensation by the cubic yard. In the first instance, the evidence and Exhibit were received subject to objection but when the court came to determine the case (jury having been waived) after the full presentation, this evidence and Exhibit were ruled out. Even granting this ruling to be erroneous, we do not think it prejudicial.

Under the state of the record as heretofore stated, defendants for the first year made remittance on the basis of measured yardage in the bank and had this been continued plaintiff could not have been heard to object to the plan. The proffered evidence of Mr. Pealer and Exhibit A could go no farther than to support this plan. However, it was the defendant in the first instance that changed the method of calculation and this was acquiesced in by plaintiff.

Counsel for plaintiff in error advance many reasons why they think the judgment of the court below should be reversed. We have carefully analyzed all these contentions, but do not think it is necessary or advantageous to lengthen this opinion to the point of commenting upon each in detail. We have contented ourselves in an effort to give a general analysis of our reasons and conclusions. Finding no prejudicial error the finding and judgment of the court below will be affirmed. Exceptions will be allowed to plaintiff in error.

KUNKLE, PJ, and HOHNBECK, J, concur.